UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


BOBBY RAY COLLINS, )
 )
        Plaintiff, )
 )
v. ) No. 2:09-cv-247-WTL-TAB
 )
THOMAS WEBSTER, M.D., et al., )
 )
        Defendants. )


**Entry Discussing Motion for Appointment of Counsel**

The plaintiff's motion to appoint of counsel (dkt 26) has been considered. "Courts do not "appoint" counsel in ADEA or [42 U.S.C.] § 1983 cases; they request members of their bar to assist." *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) (citing *Mallard v. United States District Court,* 109 S. Ct. 1814 (1989)).

The court applies a three-part inquiry when deciding whether to grant such requests for counsel. The first of these is to determine "if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). The plaintiff describes circumstances which suggest that he is effectively precluded from seeking representation among practicing lawyers, although he should certainly make every effort to do exactly that.

Passing beyond the first inquiry, therefore, the plaintiff is within the spectrum of "most indigent parties" because he has had a meaningful opportunity to present his claims, he has demonstrated familiarity with his claims and the ability to present them, because the issues presented by his claims are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d at 1262 ("[m]ost indigent parties in civil cases must fend for

themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak"). Accordingly, the plaintiff's motion to appoint counsel (dkt 26) is **denied.**

    **IT IS SO ORDERED.**

Date:  11/19/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Bobby Ray Collins
27382-077
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837