UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BOBBY RAY COLLINS,            )
                              )
            Plaintiff,        )
v.                            )        No. 2:09-cv-247-WTL-TAB
                              )
THOMAS WEBSTER, M.D., et al., )
                              )
            Defendants.       )

**Entry Discussing Motion for Summary
Judgment as to Defendant Kimberly Klink**

Having considered the pleadings, the motion to dismiss of defendant Kimberly Klink and the briefs and arguments of the parties pertaining to such motion, and being duly advised, the court finds that this defendant's motion for summary judgment must be **granted**. The court reaches this conclusion based on the following facts and circumstances:

1. This is a *Bivens* action brought by Bobby Collins. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Collins claims that he was denied constitutionally adequate medical care while he was confined at the United States Penitentiary in Terre Haute, Indiana ("USP").

2. One of the defendants in this action is Kimberly Klink. Klink is a nurse practitioner employed by the Public Health Service ("PHS"). Klink is assigned to the FCC and has duties at that institution associated with her profession.

3. Collins was at the USP from August 8, 2007, through April 20, 2009. While he was at the USP, Klink was involved in Collins' medical care. She made medical decisions associated with treatment of his medical condition and his complaints and symptoms.

4. Apart from the factual nuances of what Klink did or failed to do relative to medical care provided to or not provided to Collins, it is undisputed that Klink was acting within the scope of her employment. Klink argues that she is entitled to immunity from suit based on 42 U.S.C. § 233(a). The Public Health Service Act provides that an action against the United States under the Federal Tort Claim Act ("FTCA") is the exclusive remedy

> for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.

42 U.S.C. § 233(a). Thus, Congress has expressly made the FTCA an inmate's sole remedy for injuries caused by PHS Officers acting within the scope of their employment. *See Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir. 2000); *Lewis v. Sauvey,* 708 F.Supp. 167, 169 (E.D.Mich.1989).

5. Klink argues that her § 233(a) immunity is jurisdictional, but the court disagrees. *Quinn v. Gates* 575 F.3d 651, 654-55 (7th Cir. 2009). Subject matter jurisdiction is the authority to resolve the parties' dispute. *Collins v. United States,* 564 F.3d 833 (7th Cir. 2009). "Sovereign immunity is not a jurisdictional doctrine." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009). So much less "jurisdictional" must statutory immunity be.

6. Nonetheless, Morris has joined in the motion for summary judgment, which must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

7. The pleadings and the evidentiary record relative to the motion for summary judgment establish, as to Klink, that she was employed by the PHS at the USP, that she is sued by Klink for acts taken within the scope of her employment, that she is entitled to statutory immunity for such acts, and that this immunity defeats Collins' entitlement to recover under a *Bivens* theory. The motion for summary judgment (dkt 35) is therefore **granted** as to defendant Klink. A person in Collins' situation is, through the operation of § 233(a), relegated to the FTCA as his exclusive means of recovery for the type of misconduct he attributes to Klink.

No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**IT IS SO ORDERED.**

Date: 05/17/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Bobby Ray Collins
27382-077
Lewisburg - U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837